McKinney *v.* State.

4570                                        223 S. W. 2d 185

Opinion delivered October 3, 1949.

*R. W. Tucker,* for appellant.

*Ike Murry,* Attorney General and *Jeff Duty,* Assistant Attorney General, for appellee.

GEORGE ROSE SMITH, J. By information the appellant was charged with maliciously, willfully and wantonly killing five hogs and wounding three more, all owned by W. D. Elms. The jury imposed a fine and assessed the amount of damages, the court entering judgment in favor of Elms for treble damages as authorized by statute. Ark. Stats. (1947), §§ 41-403 and 41-405.

Appellant contends that his plea of former jeopardy should have been sustained. Soon after the incident appellant was arrested and his case set for trial in the municipal court. A similar charge against another man was tried first, however, and the municipal judge ruled that no offense had been committed. The prosecuting attorney then entered a nolle prosequi as to this appellant and later filed the present information in the circuit court. These facts do not establish former jeopardy, for the State's dismissal of a case before the trial has begun does not prevent a subsequent prosecution. Miller on Criminal Law, § 186.

On the merits there was conflicting testimony as to whether the killings were malicious, willful or wanton. Elms testified that the hogs had never escaped before and were at his barn on Sunday afternoon. This testimony was corroborated by Amos Webb. The animals were missed that night and were killed the next day in appellant's corn field, about two and a half miles away. Appellant's testimony was to the effect that the hogs had been in his cornfield for at least ten days, that he was unable to learn the identity of their owner, and

that he finally killed two of them in order to prevent further damage to his crop. A deputy sheriff quoted appellant as having said that he was ready to go down and shoot the rest of them if they were in his field. We think the jury were warranted in believing that the hogs escaped on Sunday and that appellant shot them on the following day without having made a sufficient effort to discover their owner or to remove them by less drastic means.

Appellant's remaining contentions were not so presented to the trial court as to enable us to consider them. The court, without objection by the appellant, instructed the jury in the language of the statute. Appellant offered an instruction based on Ark. Stats. (1947), § 78-1143, but did not save an exception to the court's refusal to give the requested charge. Finally, it is urged that the trial court proceeded upon the erroneous assumption that appellant was required to fence his cornfield against trespassing animals. To the extent that this question was involved in rulings upon the admissibility of evidence as to the condition of the fences, appellant's failure to except to the court's action precludes his raising the issue here. And if he wished to have his theory presented to the jury it was his duty to submit an instruction embodying his view of the law. *Lucius v. State,* 116 Ark. 260, 170 S. W. 1016. Not having done so, he cannot now question the action of the court below.

Affirmed.