David HORN *v.* STATE of Arkansas

CR 88-6                                        743 S.W.2d 814

Supreme Court of Arkansas
Opinion delivered February 8, 1988

*James R. Marschewski*, by: *R. Paul Hughes III*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. ■ Appellant David Horn was found guilty of nonsupport and was sentenced to sixty days in jail and fined $500.00. He argues that the trial court erred in not granting his motions to dismiss based upon denial of the right to a speedy trial and lack of jurisdiction. Because we find that the speedy trial motion should have been granted, we do not address Horn's other point and reverse and dismiss. Ark. R. Crim. P. 30.1.

Horn was arrested in California on the Arkansas nonsupport charges sometime in late April 1985 or early May 1985. On May 24, 1985, Horn signed a waiver of extradition. Arkansas authorities were notified of the waiver on May 29, 1985, and were informed that this state could take custody. Horn was brought to Arkansas by prisoner transport service on June 19, 1985. On December 5, 1986, over eighteen months from either the date of Horn's arrest in California or the notice that extradition had been waived, Horn filed his motion to dismiss for lack of a speedy trial pursuant to Rule 28.1(c) of the Arkansas Rules of Criminal Procedure. That motion was denied on the day of Horn's trial, December 9, 1986.

Subsection (c) of Rule 28.1 provides:

> Any defendant charged with an offense in circuit court and held to bail, or otherwise lawfully set at liberty, including release from incarceration pursuant to subsection (a) hereof, shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within eighteen (18) months from the time provided in rule 28.2, including only such periods of necessary delay as are authorized in Rule 28.3.

In the case before us, the time for trial arguably commenced running from the date of arrest in California as Horn was

"continuously held in custody or on bail or lawfully at liberty" as to the underlying charge prior to filing of the original information in July 1985 or filing of the amended information in December 1986. Ark. R. Crim. P. 28.2(a).

However, Horn does not argue that the time ran from the date of arrest; rather, he candidly suggests that the operative date is May 29, 1985, as the State did not receive notice of waiver of extradition until that time. If the time is computed from that date, absent any excludable periods, the eighteen month time limit expired on or about November 29, 1986, and Horn's motion should have been granted. The State contends that the time did not begin to run until Horn was actually returned to this state on June 19, 1985, thus charging the transport time to Horn. We disagree.

Generally, once it has been shown that trial is to be held after the speedy trial period expired, the state has the burden of showing any delay was legally justified. *Harwood* v. *Lofton*, 288 Ark. 173, 702 S.W.2d 805 (1986); *Walker* v. *State*, 288 Ark. 52, 701 S.W.2d 372 (1986); *Williams* v. *State*, 275 Ark. 8, 627 S.W.2d 4 (1982).

In support of the trial court's ruling that the speedy trial period had not yet expired and that the June 19 date was controlling, the State calls our attention to Ark. R. Crim. P. 28.3(e) and argues that during transport and until June 19, Horn's presence for trial could not be obtained, and he was therefore "unavailable." Rule 28.3 sets forth certain periods which are excluded in computing the time for trial. Subsection (e) excludes "the period of delay resulting from the absence or unavailability of the defendant" and further provides:

> A defendant shall be considered absent whenever his whereabouts are unknown. *A defendant shall also be considered unavailable whenever his whereabouts are known but his presence for the trial cannot be obtained* or he resists being returned to the state for trial. [Emphasis ours.]

We find the State's position untenable and its reliance upon Rule 28.3(e) misplaced. If we were to accept the proposition set forth by the State, which is that the accused should be charged

with the time required for transport from state of arrest to the prosecuting state, merely on the premise that the accused is not "available" for trial notwithstanding his waiver of extradition and notice that custody could be transferred immediately, our speedy trial rules would become meaningless.

Our constitution provides that an accused shall enjoy the right to a speedy trial. Ark. Const. art. 2, § 10. In pursuit of that right, we have adopted rules to protect defendants, as well as the public. In so doing, we have provided that defendants shall be brought to trial within a specified time or the charge will be dismissed with an absolute bar to prosecution. Ark. R. Crim. P. 30.1(a). On the other hand, we have placed responsibility on the defendant to be available for trial, excluding such time delays as result from his resisting appearance for trial. Ark. R. Crim. P. 28.3; *Allen* v. *State*, 294 Ark. 209, 742 S.W.2d 886 (1988).

Horn's arrest and incarceration in California were based entirely upon the Arkansas charges of nonsupport. Apparently, California was also Horn's place of residence. As such, neither Horn's presence in California nor any action undertaken by Horn after his arrest and waiver of extradition can justifiably be considered as delays chargeable to Horn. In effect, what the State proposes would in future cases leave the State free to assert any number of grounds (manpower limitations, distances between states, mode of transport, or transportation breakdowns) relevant to the time prior to arrival of the accused in this jurisdiction by which the State could escape the limitations set forth in our speedy trial rules. In some cases, the accused might remain incarcerated in another jurisdiction for weeks or months awaiting transport.

The time for trial commenced running at least as of May 29, 1985. At the time of Horn's motion to dismiss on December 5, 1986, the eighteen month time limit had expired, and the burden was then upon the State to show that the delay was legally justified. *Novak* v. *State*, 294 Ark. 120, 741 S.W.2d 243 (1987); *Harwood, supra*. The State did not meet its burden in that regard, and the motion should have been granted.

Reversed and dismissed.