## Don SELLERS *v.* FAULKNER COUNTY CIRCUIT COURT, Third Division

CR 97-1044                                                 950 S.W.2d 805

### Supreme Court of Arkansas
### Opinion delivered October 2, 1997

*Tim D. Williams*, for petitioner.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Sr. Asst. Att'y Gen., for appellee.

PER CURIAM. Don Sellers petitions this court for a writ of prohibition against the Faulkner County Circuit Court, directing the circuit court be prohibited from trying him on a theft by receiving charge. The basis for Sellers's petition is his claim of double jeopardy.

The State filed its criminal theft charge against Sellers on July 28, 1994, but when his case came to trial two years later, the State was unable to produce a material witness. Because the trial court refused the State a continuance, the State requested a dismissal, which the court granted and filed on July 18, 1996. On August 13, 1996, the State filed a motion to reconsider, asking the trial court to reconsider its earlier dismissal order and to reinstate Sellers's case. The trial court granted the State's request on November 13, 1996 — almost four months after its July 18 dismissal order. Sellers then moved for the court to set aside the November 13 order, but the court declined to do so by order filed on February 18, 1997. On May 14, 1997, the trial court again denied Sellers's second motion to set aside the November 13 order. The trial

court has set Sellers's case for trial, which prompts his request to this court for a writ of prohibition.

Citing the case of *U.S. v. Martin Linen Supply Co.*, 430 U.S. 564 (1977), and *Reaves v. City of Little Rock*, 25 Ark. App. 14, 751 S.W.2d 18 (1988), Sellers argues double jeopardy attached when the trial court dismissed his case on July 18, 1996. The State counters, stating among other things, that jeopardy does not attach prior to the swearing of a jury or the taking of evidence in a bench trial. *Smith v. State*, 307 Ark. 542, 821 S.W.2d 774 (1992); *see also McKinney v. State*, 215 Ark. 712, 223 S.W.2d 185 (1949).

Besides the foregoing double-jeopardy argument, Sellers suggests the circuit court had lost jurisdiction under Ark. R. App. P. — Civ. 4(c) (1997) (*see also* Ark. R. App. P. — Crim. 2) because the court entered an order beyond the "deemed denied" date provided in that rule. The State argues Rule 4(c) merely delineates the jurisdictional requirements for filing a notice of appeal and does not apply here. The State also contends Rule 4(c) is inapplicable because the motion for reconsideration the trial court granted on November 13, 1996 was not a post-judgment motion covered by that rule. The trial court adopted the State's contention.

Another question bearing on the trial court's jurisdiction which is not raised by the State or Sellers is what power, if any, the trial court had to "reinstate" the theft charge against Sellers when more than thirty days (almost four months) had passed from when the charge was dismissed (July 18, 1996) and when the case was reinstated on November 13, 1996. Moreover, was the State relegated to refiling its theft charge against Sellers, assuming jeopardy had not yet attached?

■ We request the parties brief the foregoing issues that bear on the lower court's jurisdiction to proceed against Sellers in the case. Because Sellers is the moving party, he should proceed first in the preparing and filing of his brief. This court's clerk shall establish the briefing calendar for both parties. A temporary stay

shall be entered in the pending trial below until this court renders its opinion in this proceeding.