Christopher BRANNING *v.* STATE of Arkansas

CR 07-415                                                267 S.W.3d 599

Supreme Court of Arkansas
Opinion delivered November 8, 2007

*Erwin L. Davis*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

JIM HANNAH, Chief Justice. Appellant Christopher Branning was convicted of second-degree stalking, two counts of first-degree terroristic threatening, and misdemeanor violation of a protection order, for which he was sentenced to concurrent terms of 120 months, 72 months, 72 months, and 259 days, respectively, in the Arkansas Department of Correction. On appeal, Branning argues that the circuit court erred in denying his motion to dismiss based on double-jeopardy grounds and his motion to dismiss based on speedy-trial grounds. In an unpublished opinion, the court of appeals reversed and dismissed Branning's convictions for second-degree stalking and the first count of terroristic threatening based on double-jeopardy grounds; Branning's speedy-trial argument was not addressed. *Branning v. State*, CACR 05-989 (Ark. App. Apr. 4, 2007). The State petitioned this court for review, contending that the decision of the court of appeals is in conflict with prior case law, and is therefore in error. We granted the State's petition for review pursuant to Ark. Sup. Ct. R. 1-2(e). When we grant review following a decision by the court of appeals, we review the case as though the appeal was originally filed with this court. *See, e.g., Porter v. State*, 356 Ark. 17, 145 S.W.3d 376 (2004). We affirm the circuit court and reverse the court of appeals.

Branning was arrested on December 3, 2003, and charged in Harrison District Court with four misdemeanors: harassing communications, terroristic threatening, carrying a weapon, and second-degree assault. Pursuant to an agreement with the State, Branning pled guilty on May 5, 2004, to carrying a weapon and second-degree assault. Branning was placed on a suspended sentence, and the State *nol prossed* the charges for harassing communications and terroristic threatening.

On January 27, 2005, in circuit court, the State charged Branning by amended information with six felony offenses:

(1) Stalking in the second degree, based on a course of conduct occurring between December 3, 2003, and June 7, 2004;

(2) Terroristic Threatening in the First Degree, Count One, based on conduct occurring December 3, 2003;

(3) Criminal Mischief in the First Degree, based on conduct occurring February 15, 2004;

(4) Criminal Trespass, based on conduct occurring May 1, 2004;

(5) Terroristic Threatening in the First Degree, Count Two, based on conduct occurring May 15, 2004; and

(6) Violation of an Order of Protection, based on conduct occurring June 7, 2004.

Branning filed motions to dismiss based on double-jeopardy grounds and speedy-trial grounds. The circuit court denied both motions, concluding that double jeopardy was not implicated, given that the amended information did not reassert any charges underlying Branning's district court convictions for carrying a weapon and second-degree assault. The circuit court also concluded that, "because the charges of harassing communications and terroristic threatening were *nol prossed*, a procedure that allows for the refiling of those charges, the State is entitled to proceed on those charges without being prevented from doing so by the double jeopardy (former prosecution) provisions of the Arkansas Constitution and the Arkansas Code Annotated § 5-1-110—112." Further, the circuit court concluded that, while Branning was brought to trial more than one year after he was arrested, the State was not barred from prosecuting him because the period of delay was excludable under the speedy-trial rule.

Branning now brings this appeal. Because Branning alleges a double-jeopardy violation based on convictions for conduct occurring on December 3, 2003, the charges of terroristic threatening, count two, and violation of an order of protection, both of which occurred after December 3, 2003, are not at issue in this appeal. In addition, the first-degree criminal mischief and criminal trespass charges were severed and are not a part of this appeal. Thus, we address Branning's double-jeopardy argument only as it applies to his charges for stalking in the second degree and terroristic threatening in the first degree, count one.

When reviewing a denial of a motion to dismiss for violation of the Double Jeopardy Clause, typically a question of law, a de novo review should be conducted. *Winkle v. State*, 366 Ark. 318, 235 S.W.3d 482 (2006) (citing *United States v. Brekke*, 97 F.3d 1043 (8th Cir. 1996); *Muhammad v. State*, 67 Ark. App. 262, 998 S.W.2d 763 (1999)).

Branning first argues that the circuit court erred in denying his motion to dismiss based on double-jeopardy grounds because he had already been charged and convicted of misdemeanors arising out of the same occurrence. He states that the *nol prossing* of

the two charges was "obviously part of a plea agreement." Accordingly, he argues that "he was placed in jeopardy for all events occurring on December 3, 2003," and that successful prosecution of him in district court precluded him from being charged with the same acts at some later date, "as the element in a multi-element stalking charge." He states that he was charged twice in two courts for the same thing and was convicted both times. Thus, he claims that the State is barred from prosecuting him in circuit court.

The State argues that it was not barred from prosecuting Branning in circuit court, pursuant to this court's holding in *McKinney v. State*, 215 Ark. 712, 223 S.W.2d 185 (1949). We agree. In *McKinney*, we held that "the State's dismissal of a case before the trial has begun does not prevent a subsequent prosecution." *Id.* at 713, 223 S.W.2d at 185 (citing Justin Miller, *Miller on Criminal Law* § 186 (1934)). Here, the acts constituting the stalking charge in circuit court were the basis of the harassing-communications charge in district court, and count one of the terroristic-threatening charge in circuit court was based on the same conduct as the terroristic-threatening charge in district court. However, as we previously noted, the harassing-communications charge and terroristic-threatening charge in district court were *nol prossed* and constituted separate crimes, even though they arose from the same criminal episode. Thus, Branning's argument that "he was charged twice in two courts for the same thing and was convicted both times" is simply without merit. A *nolle prosequi*, or *nol pros*, is a dismissal of a prosecution without prejudice to refile. *See Jones v. State*, 347 Ark. 455, 65 S.W.3d 402 (2002). *See also* Black's Law Dictionary 1074 (8th ed. 2004) (The Latin words translated into English mean "not to wish to prosecute."). The State, having *nol prossed* the charges in district court, was free to bring a subsequent prosecution. *See McKinney, supra; see also Halton v. State*, 224 Ark. 28, 271 S.W.2d 616 (1954) (stating that a dismissal of an indictment is not a bar to a future prosecution for the same offense). We hold that the circuit court did not err in denying Branning's motion to dismiss on double-jeopardy grounds.

Branning next argues that the circuit court erred in denying his motion to dismiss the case against him due to a violation of the speedy-trial rules. We recently stated in *Yarbrough v. State*, 370 Ark. 31, 33-34, 257 S.W.3d 50, 53 (2007):

Under Rule 28.1 of the Arkansas Rules of Criminal Procedure, a defendant must be brought to trial within twelve months unless there are periods of delay that are excluded under Rule 28.3. Ark. R. Crim. P. 28.1(c) (2006); *Gamble v. State*, 350 Ark. 168, 85 S.W.3d 520 (2002); *Doby v. Jefferson County Circuit Court*, 350 Ark. 505, 88 S.W.3d 824 (2002). If the defendant is not brought to trial within the requisite time, the defendant is entitled to have the charges dismissed with an absolute bar to prosecution. Ark. R. Crim. P. 30.1 (2006); *Gamble v. State, supra; Doby v. Jefferson County Circuit Court, supra*. Once a defendant establishes a prima facie case of a speedy-trial violation, i.e., that his or her trial took place outside of the speedy-trial period, the State bears the burden of showing that the delay was the result of the defendant's conduct or was otherwise justified. *Gamble v. State, supra; Doby v. Jefferson County Circuit Court, supra*.

In the case before us, Branning was arrested on December 3, 2003. On February 1, 2005, Branning filed a motion to dismiss for violation of his speedy-trial rights based on a scheduled trial date of February 2, 2005. We have held that the filing of a speedy-trial motion tolls the running of the time for a speedy trial under our rules. *Yarbrough, supra*. Here, the State concedes that Branning made a prima facie showing of a speedy-trial violation, and that the burden shifted to the State to show the delay was the result of the defendant's conduct or was otherwise justified.

On appeal, we conduct a de novo review to determine whether specific periods of time are excludable under our speedy-trial rules. *Yarbrough, supra; Cherry v. State*, 347 Ark. 606, 66 S.W.3d 605 (2002). There were 426 days between Branning's arrest on December 3, 2003, and February 1, 2005, the day his speedy-trial motion was filed. The district court docket sheet reflects that on May 5, 2004, the charges of harassing communications and terroristic threatening, based on the conduct that occurred on December 3, 2003, were *nol prossed* by the State. The prosecutor filed a felony information in circuit court on June 25, 2004. The period of delay due to the State's *nol prossing* of charges for good cause is excludable under the speedy-trial rule. Ark. R. Crim. P. 28.3(f). Branning does not contend that the State lacked good cause. The district court disposed of the four charges in that court by taking two charges, harassing communications and terroristic threatening, under advisement for one year, until May 4, 2005, condi-

tioned upon, among other things, no like charges being filed and by *nol prossing* the other two charges. The period between the *nol pros* in district court and the filing of charges in circuit court — May 5 to June 25, 2004 — is 51 days.

At Branning's request, the circuit court granted a continuance from November 5 to December 3, 2004, a period of 28 days. Delays resulting from continuances given at the request of the defendant are excluded in calculating the time for speedy trial. Ark. R. Crim. P. 28.3(c); *Ferguson v. State*, 343 Ark. 159, 33 S.W.3d 115 (2000).

■ Subtracting the *nol pros* and continuance periods (51 and 28 days, respectively) from the overall 426-day period leaves 347 days, well within the one-year period of the speedy-trial rule. Thus, the circuit court did not err in denying Branning's motion to dismiss on speedy-trial grounds.

Affirmed.