2011 Ark. 321

**Eric Keith HOYLE, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR 09–445.**

Supreme Court of Arkansas.

Sept. 8, 2011.

PER CURIAM.

Following his conviction on two counts of manslaughter and one count of first-degree battery, appellant Eric Keith Hoyle sought relief under Arkansas Rule of Criminal Procedure 37.1 (2011). The trial court denied his Rule 37.1 petition, and appellant has lodged an appeal in this court. Because the denial of postconviction relief was not clear error, we affirm.

After a jury trial, appellant received sentences of 120 months' imprisonment on each of the manslaughter counts and 240 months' imprisonment on the battery charge, for an aggregate term of 480 months' imprisonment. This court affirmed the judgment. *Hoyle v. State*, 371 Ark. 495, 268 S.W.3d 313 (2007). Appellant, represented by counsel, filed the Rule 37.1 petition at issue, in which he alleged ineffective assistance of counsel. Appellant based his allegation of ineffective assistance on trial counsel's omissions in failing to object to the amendment of the information, communicate a plea offer, challenge certain hearsay testimony, file a motion for a reduction in sentence, and object to testimony during sentencing about a previous arrest.

After a hearing on the petition, the trial court provided a written order that set forth findings of fact and conclusions of law and that found that counsel was not ineffective on any of the alleged bases. On appeal, appellant reorders his claims and advances five points for reversal, alleging that the trial court erred in finding that trial counsel was not ineffective, as follows: (1) counsel was ineffective in representing appellant in plea negotiations; (2) counsel was ineffective in failing to object to hearsay testimony; (3) counsel was ineffective in failing to object to amendment of the information; (4) counsel was ineffective in failing to object to evidence of prior bad acts; (5) counsel was ineffective in failing to move for reduction of the sentences recommended by the jury.

This court does not reverse a denial of postconviction relief unless the trial court's findings are clearly erroneous. *Payton v. State*, 2011 Ark. 217, 2011 WL 1805340 (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

In making a determination on a claim of ineffective assistance of counsel, this court considers the totality of the evidence. *Anderson v. State*, 2010 Ark. 404, 373 S.W.3d 876 (per curiam). Our standard of review requires that we assess the effectiveness of counsel under the two-prong standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Croy v. State*, 2011 Ark. 284, 383 S.W.3d 367 (per curiam).

Under the *Strickland* test, a petitioner raising a claim of ineffective assistance must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Id.* A defendant making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Miller v. State*, 2011 Ark. 114, 2011 WL 913206 (per curiam).

In order to meet the second prong of the test, the petitioner must show

that counsel's deficient performance prejudiced petitioner's defense to such an extent that he was deprived of a fair trial. *Carter v. State,* 2011 Ark. 226, 2011 WL 1896765 (per curiam). A claimant must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Mingboupha v. State,* 2011 Ark. 219, 2011 WL 1805339 (per curiam). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.*

■ In his first point, appellant contends that trial counsel erred in failing to properly negotiate with the prosecution over a plea offer. He asserts that counsel should have gone back to the prosecution and offered to accept a withdrawn plea offer, because his client only later understood the consequences of rejecting the offered plea.

The prosecution had extended an offer to recommend two consecutive ten-year terms on the manslaughter charges and six years' suspended imposition of sentence on a second-degree-battery charge. If the offer was not accepted, the information would be amended to reflect a first-degree-battery charge rather than the second-degree charge originally filed. The prosecution confirmed that offer in a letter dated January 18, 2006, that referenced having conveyed the offer during a previous November 20, 2005 hearing. That letter was introduced as evidence at the Rule 37.1 hearing. The letter provided a final deadline for appellant to accept the offer, after which the amended information that had been discussed would be filed. The trial record shows that the amended information was filed on January 23, 2006.

On January 26, 2006, there was some discussion of the plea offer and its rejection on the record. The prosecution recapped what had transpired, explained in some detail the ⌊4⌋potential sentence under the now-amended information, and indicated that the plea offer had been rejected and withdrawn. The court asked appellant directly if he understood what the prosecution had stated and indicated that Mr. Hoyle had nodded in the affirmative.

At the Rule 37.1 hearing, trial counsel testified that he had no specific recollection of plea-offer discussions with appellant or of going over the potential sentence under the amended information. Trial counsel testified that he would have conveyed any offer made to appellant; that he had records of a meeting with appellant on February 2, 2006, in which he did go over the specific ramifications of the amended information; and that he may have had other, earlier conversations with him on the issue as well. Following that meeting and further discussions with his client, counsel sent a letter dated February 7, 2006, that conveyed a counteroffer. The letter that was admitted into evidence referenced the victim's family's insistence that appellant do jail time and conveyed an offer to plead to an aggregate term of three years to two counts of manslaughter and one count of second-degree battery.

Appellant asserts that he did not understand that the potential sentence under the amended information was an aggregate forty years' imprisonment until the January 26, 2006 hearing and that he had wished to accept the plea offer once he understood. He testified at the hearing on the Rule 37.1 petition that he then advised counsel that he wished to take the offer, but that he was told that it was too late to take the offer.

Appellant urges that counsel may be found ineffective for failing to properly represent a defendant regarding plea negotiations, citing to *Wanatee v. Ault,* 259 F.3d 700 (8th Cir.2001), for its interpreta-

tion of *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (holding that the state court's determination that a petitioner was not prejudiced by claimed ineffectiveness of counsel during the plea bargaining stage, because he ultimately received a fair trial was an unreasonable application of clearly established federal law). The State counters by asserting that *Hill* held only that a defendant may be prejudiced by his acceptance of a plea through counsel error. The State posits that a defendant who rejects a plea offer cannot be prejudiced if he then receives a fair trial. Whether or not appellant can demonstrate prejudice, the trial court did not clearly err in determining that appellant failed to factually support his claim that there was attorney error in dealing with the plea negotiations.

In its order denying postconviction relief, the trial court found that appellant's claims on this issue were not supported by the evidence and testimony. The court further found that counsel had conveyed all plea offers to appellant, that appellant had rejected the plea offer, and that appellant had never instructed counsel that he would take the plea offered by the State.[1] A petitioner carries the burden of supporting his allegations with credible evidence during a hearing on a Rule 37.1 petition. *See Rackley v. State*, 2010 Ark. 469, 2010 WL 4922390 (per curiam). Judicial review of a defense counsel's performance must be highly deferential, and a strong presumption exists that counsel's conduct falls within a wide range of reasonable professional assistance. *Polivka v. State*, 2010 Ark. 152, 362 S.W.3d 918. The record supports the court's findings, and the court was not clearly errone-

ous in determining that appellant failed to carry his burden of proof on this issue.

The trier of fact is free to believe all or part of any witness's testimony and may resolve all questions of conflicting testimony and inconsistent evidence. *Carter v. State*, 2010 Ark. 231, 364 S.W.3d 46 (per curiam). The trial court's findings of fact make clear that counsel's testimony was more credible and that the court did not accept appellant's account or his testimony that he would have accepted the plea offer if it had been better explained to him. This court does not assess the credibility of the witnesses. *Loggins v. State*, 2010 Ark. 414, 372 S.W.3d 785; *Lacy v. State*, 2010 Ark. 388, 377 S.W.3d 227; *Fernandez v. State*, 2010 Ark. 148, 362 S.W.3d 905. Conflicts in testimony are for the factfinder to resolve, and the judge is not required to believe the testimony of any witness, especially that of the accused, since he or she is the person most interested in the outcome of the proceedings. *Mitchem v. State*, 2011 Ark. 148, 2011 WL 1319579 (per curiam). Without credible testimony to support his claims, appellant failed to meet his burden of proof.

Next, appellant challenges the court's findings on trial counsel's failure to object to certain hearsay. The trial court found that counsel's decision not to object was a matter of trial strategy and did not provide a basis for the claim of ineffective assistance. When a decision by counsel is a matter of trial tactics or strategy, and that decision is supported by reasonable professional judgment, then counsel's decision is not a basis for relief under Rule 37.1. *Croy*, 2011 Ark. 284, 383 S.W.3d 367.

---

1. The order found that appellant had never indicated that he would enter a plea on an agreement with more than three years' incarceration recommended. The State's offer that appellant testified that he would have taken would have provided a recommendation for twenty years' imprisonment and six years of suspended imposition of sentence.

A claimant has the burden of overcoming the presumption that counsel's conduct falls within the wide range of reasonable professional assistance by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Id.* We cannot say that the trial court clearly erred in finding that counsel made a strategic decision based on [₇reasonable professional judgment not to raise an objection.

The State asserts that counsel's objection would have been overruled under an exception to the hearsay rule. It is true that trial counsel cannot be ineffective for failing to make an objection or argument that is without merit. *Mitchem,* 2011 Ark. 148, 2011 WL 1319579. Even if the objection had merit, however, counsel testified that he would have weighed the value of excluding the testimony against the danger of drawing further attention to the testimony in deciding whether to object. It was not clear error for the trial court to determine in these circumstances that the decision was tactical and based on reasonable professional judgment.

The hearsay at issue was testimony by a truck driver who was on the road behind appellant's truck prior to the wreck that resulted in the deaths and injury in this case. The driver testified about comments heard on his CB radio that had been made by another trucker who complained that someone, who may have been appellant, had crossed the center line and almost hit him. The witness also, however, testified that he was immediately behind appellant and personally saw appellant cross the center line and drive into the victim's motor home without braking. Counsel indicated that he would have preferred not to highlight the type of testimony that may have been objectionable and would instead

have preferred to use it to further his points in closing argument. Considering the circumstances here, the trial court's finding that counsel made a tactical decision based upon reasonable professional judgment was well supported by the evidence.

Appellant's third point asserts error in the trial court's finding that counsel was not ineffective for failing to object to amendment of the information. The State is entitled to amend an information at any time prior to the case being submitted to the jury, so long as the [₈amendment does not change the nature or the degree of the offense charged or create unfair surprise. *Phavixay v. State,* 2009 Ark. 452, 352 S.W.3d 311. A motion to quash an information is proper where an amendment misleads or impedes a criminal defendant in making a defense, and the prohibition in Arkansas Code Annotated section 16–85–407 (Repl.2005) relates to matters of notice and prejudice. *Terry v. State,* 371 Ark. 50, 263 S.W.3d 528 (2007).

At the Rule 37.1 hearing, trial counsel testified that he did not object to the amendment because he was not surprised by it. He believed that an objection to the amendment, in circumstances where the prosecutor did not have to empanel a grand jury, was pointless and might well only result in the court granting a continuance. As already noted, the prosecution referenced discussions concerning the amendment in connection with the plea negotiations in November 2005. The trial was held March 9, 2006. In its order denying postconviction relief, the trial court found that appellant's defense was not prejudiced by the amendment and that, even had counsel successfully objected to the amendment, the prosecution would simply have nolle prossed the

charges and filed a new information that reinstated the charges as amended.

 Appellant asserts that the degree of the offense changed. The trial court found, even if appellant might have successfully quashed the amended information, appellant was not prejudiced by any resulting error, because the prosecutor would have simply refiled the charges. The State's dismissal of a case by nolle prosequi does not bar a subsequent prosecution. Ark.Code Ann. § 16–89–122 (Repl. 2005); *Sturd v. Cir. Ct. of Lonoke County*, 2010 Ark. 355, 370 S.W.3d 235; *State v. Crawford*, 373 Ark. 95, 281 S.W.3d 736 (2008); *Branning v. State*, 371 Ark. 433, 267 S.W.3d 599 (2007). Moreover, trial counsel appears to |₉have made a well-reasoned tactical decision not to object to the amendment. Had appellant unsuccessfully challenged the amendment, this court would not have reversed without a showing of prejudice or surprise, even if the trial court had erred. *See Terry*, 371 Ark. 50, 263 S.W.3d 528; *Hoover v. State*, 353 Ark. 424, 108 S.W.3d 618 (2003). From counsel's testimony, he appears to have made a conscious decision not to opt for the further delay in resolving the charges that would have resulted from a successful

challenge, and that decision was based on reasonable professional judgment.[2]

 Appellant's fourth point on appeal asserts error in the trial court's finding that counsel was not ineffective for failing to object to evidence of prior bad acts. The evidence at issue consisted of statements by two defense witnesses during the sentencing phase concerning appellant's prior arrest for his possible possession of methamphetamine. The incident did not appear to result in a felony conviction,[3] and appellant argues on appeal that the evidence |₁₀would not have been admitted if trial counsel had raised an objection.

The trial court found that trial counsel had made a tactical decision on the issue. Counsel testified that he knew that the evidence of the arrest was likely to come in if he called the witnesses, but he elected to call them for the beneficial testimony that they could provide. Appellant appears to contend that the strategic decision was not founded on reasonable professional judgment because the evidence would not have been properly admitted if counsel had raised an objection. The trial court did not clearly err in finding the decision was well founded.

The case with which appellant supports his argument, *Rush v. State*, 324 Ark. 147,

2. Appellant asserts that the State would not have been permitted to nolle prosequi the case, because it could not establish good cause. Under section 16–89–122, the prosecution must obtain leave of the court to dismiss the charges. The court may indeed determine that the prosecution has abused its discretion in requesting dismissal of the charges on the eve of trial. *Noland v. State*, 265 Ark. 764, 580 S.W.2d 953 (1979). There was, however, no reason here to believe that the State would delay in filing its motion, and the basis for the motion—desiring to pursue more appropriate charges—was adequate to support a timely request. The issue of good cause arises in the context of whether the period may be excluded for purposes of speedy-trial calculations. *See Jones v. State*,

347 Ark. 455, 65 S.W.3d 402 (2002). Even that standard could have been satisfied by the need to develop additional evidence for additional elements of proof required by the new charge. Good cause is demonstrated where the State has good reason to seek the nolle prosequi and there is no indication the State is simply trying to evade the speedy-trial requirement. *Crawford*, 373 Ark. 95, 281 S.W.3d 736.

3. The incident may have resulted in a conviction for the misdemeanor charge of possession of an instrument of crime, but no evidence of the actual outcome was introduced either at trial or during the Rule 37.1 hearing.

919 S.W.2d 933 (1996), based the holding for exclusion of the evidence on the fact that the testimony was essentially offered as proof of that defendant's conviction in place of the information and judgment. The testimony in this case did not attempt to establish that appellant had committed a particular crime. Appellant did not suggest that other, more appropriate, evidence of the conviction was available, and there was no evidence introduced that showed that there had been a conviction. The evidence, as it related to the relationship of the witness with appellant and to appellant's character, was clearly admissible in the sentencing phase of the trial if there was no conviction. *See Brown v. State,* 2010 Ark. 420, 378 S.W.3d 66. If there was a conviction, the State may have been required to provide definitive proof of the conviction, but the evidence would nevertheless have been admissible. *See id.;* Ark. Code Ann. § 16–97–103 (Repl.2006). Appellant did not demonstrate that the information and judgment would have been less detrimental to the defense than what was introduced into evidence. The trial court did not err in finding that counsel exercised |₁₁reasonable professional judgment in deciding not to challenge the admission of the evidence.

■ Finally, appellant asserts that the trial court erred in finding that counsel was not ineffective for failing to request a reduction in sentence under Arkansas Code Annotated section 16–90–107 (Repl. 2006). Appellant contends that it was clear that the verdict was a result of passion and prejudice and that counsel incorrectly concluded that a motion for reduction of sentence would have been pointless. The trial court found that a motion for reduction in sentence would have been denied.

■ Under the statute, "the court shall have power in all cases of conviction to reduce the extent or duration of the punishment assessed by a jury so that the punishment is not in any case reduced below the limit prescribed by law in such cases if the conviction is proper and the punishment assessed is greater than ought to be inflicted under the circumstances of the case." Ark.Code Ann. § 16–90–107(e). The statute plainly gives the trial court the authority to reduce the recommendation of the jury, but it does not require it to do so. *Brown,* 2010 Ark. 420, 378 S.W.3d 66. Moreover, a defendant does not have to request leniency before the trial judge may exercise his authority to reduce a sentence that the jury assessed because he considers the punishment unduly harsh. *Thomas v. State,* 349 Ark. 447, 79 S.W.3d 347 (2002).

In this case, the appellant drove a tractor trailer with a loaded chip hauler after ingesting amphetamine and a relatively large amount of methamphetamine. His vehicle was of sufficient size and weight to cause the motor home that he struck after crossing the center line to explode and virtually disintegrate. Appellant's argument that the jury's verdict imposing the maximum sentences to run consecutively was a result of passion and prejudice |₁₂is not persuasive. Considering the court's ability to sua sponte reduce the sentence, we cannot say that the trial court clearly erred in finding that a motion to reduce the sentence under the statute would have been denied.

Affirmed.