HALTON *v.* STATE.

4779                                                    271 S. W. 2d 616

Opinion delivered October 11, 1954.

*Claude E. Love,* for appellant.

*Tom Gentry,* Attorney General, *Thorp Thomas,* Assistant Attorney General, for appellee.

J. SEABORN HOLT, J. On an indictment charging murder in the first degree, Grace Halton was tried and found

guilty, by a jury, of involuntary manslaughter and her punishment fixed at a term of three years in the penitentiary. From the judgment is this appeal.

For reversal, appellant first questions the sufficiency of the evidence to support the jury's verdict and judgment thereon. Briefly stated, the evidence shows that in August, 1952, appellant and her grandson, while sitting at a table in the "East Side Tavern" in El Dorado drinking soft drinks, Azrene Robinson came in and began an argument with Grace which caused such a disturbance that an employee intervened and ordered them out. Azrene, however, threatened Grace, told her she was going to get her and to come on out and fight. When Grace refused, she grabbed her by the neck, again told her to come out and fight, but Grace again refused. Azrene then went out one of the two doors in front of the building and walked to the other door where Grace was standing, whereupon Grace opened the screen door, drew a pistol and shot Azrene killing her instantly. There was evidence that Azrene had an ice pick in the front of her blouse and appellant testified that Azrene attacked her with this weapon and that she shot her in self defense.

In the circumstances, it was for the jury to determine, under proper instructions—which the court gave and to which there were no objections—whether appellant in killing Azrene did so in the honest belief that her own life was in imminent peril and that she acted with due caution and circumstances. We said in *Deatherage* v. *State*, 194 Ark. 513, 108 S. W. 2d 904: "One who slays another under the honest belief that his life or limb is in imminent peril and commits the act to prevent the apprehended danger is in the exercise of a lawful act. Merely because of this, however, he is not to go free unless he acted with due caution and circumspection, for if he did not he is guilty of manslaughter." We hold that the evidence was sufficient to support the verdict.

The judgment must be reversed, however, for error which we now consider. The record reflects that the indictment upon which appellant was convicted was re-

turned against her September 8, 1952. No further action was taken on the indictment until August 18, 1953 (during which time appellant had been allowed bond) when the following *nolle prosequi* was entered by the court: "On this day comes the State of Arkansas by Hon. Bruce Bennett, Prosecuting Attorney, and upon motion of the State, it is ordered by the Court that a nolle prosequi be entered herein. It is therefore considered, ordered and adjudged by the Court that the Defendant go hence without delay, and that she and her Bondsmen be, and they are hereby discharged from all further liability hereunder."

This action was taken during the regular March, 1953, term of the Union Circuit Court (First Division), which term expired September 13, 1953. Thereafter on October 3, 1953, during a new term, the court set aside the *nolle prosequi* order, of the previous regular term, and set the case for trial over the appellant's objections for November 30, 1953. No new indictment or information was filed against appellant.

The case was tried February 1, 1954. Appellant stoutly argues that the court erred in reinstating, over her objections, the indictment here at a subsequent term and resuming prosecution on this indictment after the above unconditional *nolle prosequi*. We hold that appellant's contention is correct. The general and accepted rule appears to be "that the unconditional dismissal of an indictment or information by the prosecuting attorney, if made a matter of record, operates as a termination of the proceeding under that accusation, and that the same indictment or information cannot be reinstated at a subsequent term and prosecution thereon resumed." *27 Am. Jur.*, § 22, page 600. See *Anno.* in *112 A. L. R. 386*.

While frankly conceding the above to be the law, counsel for the State say: "Although it is settled law that the court could not reinstate the indictment at a subsequent term, it does not appear from the record that the appellant questioned the indictment until after she had in effect entered a plea of not guilty," and argue that appellant, by her actions, waived her right to demand trial on a new indictment. We do not agree.

The record shows that appellant was brought into court by the sheriff and before arraignment, and before any plea was made (the record is silent as to whether any plea was made by her) or the taking of testimony, she objected to the reinstatement of the old indictment and being forced to trial on it. On this point, the record recited: "IN CHAMBERS . . . MR. LOVE:" stated to the court: "That on August 18th, 1953, this case was *nolle prosequied,* and on October 3, 1953, after that term of Court had elapsed this case was reinstated, and for that reason we move the Court to quash and dismiss the charge." The trial court denied appellant's request, ordered the old indictment reinstated "to which the defense duly excepted."

In reversing the case, we point out that the dismissal of the indictment is not a bar to a future prosecution for the same offense. § 43-2127, Ark. Stats. 1947.

Accordingly, the judgment is reversed and the cause remanded.