For the reasons stated the order appealed from is affirmed.

STATE of Arkansas *v.* William Leonard GADDY

CR 93-220                                               858 S.W.2d 81

Supreme Court of Arkansas
Opinion delivered July 5, 1993

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellant.

*McArthur & Finkelstein*, by: *William C. McArthur*, for appellee.

STEELE HAYS, Justice. The state brings this appeal from an order dismissing a felony information charging the appellee, William Leonard Gaddy, with criminal attempt to commit capital murder. Gaddy had been charged previously with the same offense in case No. 91-2562 and with possession of cocaine with intent to deliver in case No. 91-1734. While these two cases were pending the deputy prosecuting attorney (Fowler) and defense counsel (Clouette) arrived at a plea agreement by which the attempted murder charge would be dropped, and the cocaine charge reduced to mere possession with a sentence recommendation of three years probation and a fine of $200.

On December 30, 1991, the parties appeared before the circuit judge for the purpose of presenting the plea agreement. Those proceedings, in part were as follows:

> THE COURT: I have a plea statement here and there's a recommendation.
>
> MS. FOWLER: Your Honor, that's correct. The

State would have a couple of preliminary motions as to Mr. Gaddy if you would like for me to take them up now.

THE COURT: Yes, I wish you would please.

MS. FOWLER: The State would move in 91-2562 to nol pros.

THE COURT: All right.

MS. FOWLER: And in 91-1734, State would amend Count 1 to be possession of cocaine rather than possession with intent to deliver.

After Ms. Fowler summarized the facts the following occurred:

THE COURT: All right. And the recommendation is three years probation. I'm just a little surprised by that on these facts? The officers agreed to it?

MS. FOWLER: Yes, Your Honor, they did.

MR. CLOUETTE: Well —

THE COURT: No, you don't need to approach.

MR. CLOUETTE: Well, I was going to tell you why.

THE COURT: Well I understand that's not necessary. I'll accept the plea or the recommendation. Okay. Mr. Gaddy, this is your understanding of the disposition of the case, what you've set here, three years probation, two hundred dollar fine and costs and expungment under Act 3467? Do you understand that sir?

MR. GADDY, DEFENDANT: Yes.

THE COURT: And that's what you agreed to do?

MR. GADDY, DEFENDANT: Uh huh.

THE COURT: Okay. I'm going to grant, carry out your motion to grant the nol pros and I've done that and I'm going to grant the motion to reduce this to possession upon acceptance of your plea of guilty. Let me ask you to raise your right hand please, Mr. Gaddy.

After establishing that Gaddy understood his rights and that

a factual basis for a guilty plea existed, the trial judge, Judge Lessenberry, accepted the plea, entered judgment in accordance with the agreement and the hearing ended.

On February 6, 1992, the state again filed a felony information charging Gaddy with attempted capital murder. Gaddy moved to dismiss or to compel the state to adhere to the plea agreement entered into between Gaddy and the state. After hearing testimony from Ms. Fowler, Mr. Clouette and Judge Lessenberry, the trial court ordered the information dismissed.

The state appeals on two points of error: one, the trial court erred in concluding there was a plea agreement contingent on the state filing a nolle prosequi with regard to the charge of attempted capital murder pending against Gaddy and, two, the trial court erred in dismissing the charge because Gaddy's sole remedy was the withdrawal of his guilty plea. We are not persuaded by the state's arguments and, accordingly, we affirm the order appealed from.

I

The state argues that Rules 24.5 and 25.3 (b; d) of the Arkansas Rules of Criminal Procedure mandate that the terms of the agreement be specifically set forth on the record in open court when the guilty plea is entered. *Irons* v. *State*, 267 Ark. 469, 591 S.W.2d 650 (1980). The purpose of those provisions is to protect the accused from any misunderstanding concerning the law or his rights. *Pettit* v. *State*, 296 Ark. 423, 758 S.W.2d 1 (1988). The state submits that the protection applies to the state as well as to the defendant. The state urges that the transcript of the hearing does not establish that Gaddy's plea of guilty to possession of cocaine was specifically made contingent on the entry of a nolle prosequi of the attempted murder charge.

The state's contention is debatable at best. It is true the record does not contain an express assertion that the attempted murder charge is being dropped as a condition of the agreement, but it is readily implicit in the record of those proceedings. Indeed, we would be hard pressed to sustain the argument even if we had nothing more than the brief excerpt quoted above, as it seems plain enough that Ms. Fowler was stating the terms of the plea bargain in response to the trial judge's question concerning the plea statement and recommendation being presented to him.

At that point the state moved unequivocally to "nol pros" the attempted murder charge (91-2562) and to reduce the cocaine charge (91-1734) to mere possession. A fair reading of the record permits no inference that these developments were unrelated. Granted, the letter of the rules invoked by the state might be better served by a fuller explanation of the proposed agreement, but we cannot say the record is fatally defective.

Beyond that, the principals all testified to their understanding of the plea agreement: Mrs. O'Kelley (formerly Ms. Fowler) testified that cases 91-1734 and 91-2562 were both assigned to her as deputy prosecutor; that she foresaw problems with the proof in both cases and had little hope of a conviction in the attempted murder case; that she and Mr. Clouette discussed the cases many times and finally entered into an agreement that the attempted murder charge would be dismissed and the drug case reduced to simply possession with a fine and probation. "The agreement was to dispose of both cases . . . a final resolution." Her testimony as to the connection between the nolle prosequi and the guilty plea was categorical. She said she did not anticipate either of the charges ever being refiled or changed after the December 30, 1991, hearing or she would have asked that case No. 91-2562 be dismissed outright, rather than the more customary nolle prosequi.

Mr. Clouette's testimony was entirely consistent with Mrs. O'Kelley's: he testified, "The agreement was a package deal . . . a complete understanding."

Judge Lessenberry testified that he had no specific recollection of the events, but after reviewing the transcript, he said, "I recollect that it was my impression that this was a final disposition of both cases."

The state submits that this testimony is not sufficient to overcome the mandatory requirement that the record of a guilty plea agreement be made part of the contemporaneous record when the plea is entered. We disagree that the rules dictate that result in the context now posed. Rule 24.5 provides that the plea agreement be stated. That occurred in this case, at least to the extent necessary to a resolution of the arguments advanced by the state. Rule 25.3 (b; d) is even less stringent (again, in the context now before us) by providing that if the plea agreement contem-

plates that other charges will be reduced or dismissed, "upon request of the parties the trial judge may permit the disclosure" of the agreement and the reasons therefor. In this instance all parties and the trial court fully understood the terms and conditions of the plea agreement and the record of that proceeding is reasonably faithful to that understanding. The problem now extant cannot be attributed to any omission in that proceeding, but to the evident fact that the state later became dissatisfied with the bargain.

## II

The state maintains that if there was a valid plea agreement which the state subsequently breached, Gaddy's only recourse would be the option of withdrawing his guilty plea. That seems paltry relief indeed for the state's breach of a binding plea agreement, grounded on nothing more than a change of heart.

The state draws an analogy between the trial court's dismissal of the second attempted murder charge against Gaddy and a contention by the appellant in *Vagi v. State*, 296 Ark. 377, 757 S.W.2d 533 (1988), that he was entitled to the specific performance of an alleged plea agreement under which he would have to serve only ten years of a life sentence imposed on a guilty plea to first degree murder. A majority in *Vagi* found no evidence of such an agreement, while two justices rejected Vagi's argument on a different ground, i.e., even if there were such a provision in the plea agreement, the trial court may not be compelled to impose specific performance of a plea bargain between a prosecutor and the defendant, since the trial court is not bound by the agreement. Thus, relying on language in the concurring opinion, the state presses us to hold that withdrawal of his guilty plea, rather than specific performance of the agreement, is Gaddy's only remedy.

We are not persuaded by the argument. In the first place, this case is distinguishable from *Vagi*, where the defendant was seeking to specifically enforce a provision which was not shown to have been part of the agreement and which was dependent upon an indeterminate future event, i.e., the commutation of Vagi's sentence by the Executive Department. Whereas here, the state is seeking to undo an agreement into which it clearly entered and which the trial court had approved and executed in all respects.

Nor do we see this as a case of specific performance, as the state contends. The trial court ordered nothing performed, nor did it direct that any provision of the agreement be carried out; it merely left intact that which the parties had agreed on and which had been approved and fully executed by a judgment entered accordingly.

For the reasons stated, the order is

Affirmed.

HOLT, C.J., not participating.