STATE of Arkansas *v.* Charles Timothy BEALL

CR 95-401                                                    906 S.W.2d 676

Supreme Court of Arkansas
Opinion delivered October 2, 1995

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Deputy Att'y Gen., for appellant.

*Dan J. Krohn*, for appellee.

ROBERT H. DUDLEY, Justice. The defendant was charged in one information with four felony counts of controlled substance violations. He filed a pretrial motion to suppress all of the evidence seized from him at the time of his arrest. The trial court granted the motion. The State dismissed the charges and attempts to appeal the ruling as an interlocutory appeal. We dismiss the appeal.

■■ The State has no right to appeal other than in those cases authorized by the Constitution of Arkansas and the Rules of Criminal Procedure. *State* v. *Edwards*, 310 Ark. 516, 838 S.W.2d 356 (1992). Appeals by the State are authorized only in the narrowest of circumstances because the State has considerable resources that can place defendants at a disadvantage. *State* v. *Bickerstaff*, 320 Ark. 641, 899 S.W.2d 68 (1995). In this case, the State contends that it can appeal from the trial court's suppression ruling under A.R.Cr.P. Rule 36.10(a). That rule governs interlocutory appeals by the State, but an attempted appeal from a dismissed case is not an interlocutory appeal.

■ The words "interlocutory appeal" are defined as: "An appeal of a matter which is not determinable of the controversy, but which is necessary for a suitable adjudication of the merits." *Black's Law Dictionary* 815 (6th ed. 1990). In conformity with that general definition, A.R.Cr.P. Rule 36.10(a) contemplates that there will be a subsequent final disposition of the case. The rule provides that the State must certify that the interlocutory appeal is not taken for purposes of *delay of the case* and that the pretrial ruling substantially prejudices the *prosecution of the case*.

A.R.Cr.P. Rule 36.10(a). Further, the rule provides that the trial court shall *stay the case* pending determination of the appeal. *Id.* If the appellate court reverses the pretrial order appealed, the stay is to be dissolved and the case is to proceed to trial. A.R.Cr.P. Rule 36.10(a). However, if the appellate court sustains the order appealed, further proceedings are barred on the charge. A.R.Cr.P. Rule 36.10(d). These certifications and stay order necessarily refer to a pending case. *See also* A.R.Cr.P. Rule 16.2(d). Thus, the State cannot perfect an interlocutory appeal after it has dismissed the case.

We allow interlocutory appeals by the State because, if the State ultimately loses on the merits, it is without an effective appeal while the defendant has an effective appeal with respect to the conviction. *Burrow* v. *State*, 301 Ark. 222, 783 S.W.2d 52 (1990). However, Rule 36.10 does not give the State a right to ask for an opinion on an issue which is purely abstract in nature. *State* v. *Spear*, 123 Ark. 449, 185 S.W.2d 788 (1916).

Appeal dismissed.