STATE of Arkansas *v.* Gloria Jean CRAWFORD

CR 07-919        281 S.W.3d 736

Supreme Court of Arkansas
Opinion delivered April 3, 2008

[Rehearing denied May 15, 2008.]

*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellant.

*Rieves, Rubens & Mayton*, by: *Kent J. Rubens*; and *Dudley & Compton*, by: *Cathleen v.* Compton, for appellee.

D ONALD L. CORBIN, Justice. A felony charge against Appellee Gloria Jean Crawford was dismissed by the Van Buren County Circuit Court because the State had previously nol-prossed a charge for the same offense pursuant to a plea agreement. The State appeals this dismissal. Crawford cross-appeals that the refiling of the felony charge violated her right to a speedy trial. This appeal by the State involves a perceived inconsistency in the decisions of this court. Thus, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(2) and Ark. R. App. P.–Crim. 3.

On March 18, 2005,[1] Crawford was charged with one felony count of possession of a controlled substance with intent to deliver in violation of Ark. Code Ann. § 5-64-401 (Repl. 2005) and 163 misdemeanor counts of cruelty to animals in violation of Ark. Code Ann. § 5-62-101 (Repl. 2005). On August 25, 2005, the circuit court accepted a negotiated plea agreement where Crawford pled guilty to the misdemeanor charges, and the State nol-prossed the felony charge. Crawford received a twelve-month suspended sentence upon the condition that she (1) pay a fine, court costs, and warrant service fee; (2) allow the Van Buren

---

[1] The original felony information was signed on March 18, 2005. In the circuit court's order granting Crawford's motion to dismiss, the court notes the date of the original felony information to be March 15, 2005. The actual filing date in the record is illegible.

Animal Control Officer to inspect her property up to twice monthly; (3) submit to psychiatric testing and treatment, and provide a report of such to the prosecuting attorney's office within six months; and (4) serve 300 hours of community service, remain on good behavior, and commit no criminal acts for twelve months. She was also ordered to forfeit the animals seized from her property to Van Buren County.

On April 3, 2007, because Crawford had failed to comply with the terms of her suspended sentence, the State refiled the felony information charging Crawford with possession of a controlled substance with intent to deliver. On April 23, 2007, Crawford filed a motion to dismiss, arguing that the State was barred from refiling this charge because it had previously been nol-prossed as part of a plea bargain. Crawford additionally argued that the refiling of this charge violated her right to a speedy trial, constituted prosecutorial bad faith and vindictiveness, and violated due process.

The circuit court granted Crawford's motion to dismiss, concluding that pursuant to *State v. Gaddy*, 313 Ark. 677, 858 S.W.2d 81 (1993), when a charge is nol-prossed pursuant to a plea agreement, the State cannot later refile the charge. Additionally, the circuit court found that Crawford's speedy-trial right had not been violated as the State had good cause to nolle prosequi the 2005 felony charge. Thus the time between dismissal and refiling of the 2005 felony charge was tolled pursuant to Ark. R. Crim. P. 28.3(f). The due process and prosecutorial vindictiveness claims were rendered moot. The State appealed dismissal of the felony charge, and Crawford cross-appealed the speedy-trial ruling. On direct appeal, we reverse. On cross-appeal, we affirm.

■ The State's ability to appeal is not a matter of right; rather it is limited to those cases described under Ark. R. App. P.–Crim. 3. *Thomas v. State*, 349 Ark. 447, 79 S.W.3d 347 (2002); *State v. Guthrie*, 341 Ark. 624, 19 S.W.3d 10 (2000). Under Rule 3, we accept appeals by the State when our holding would establish important precedent or would be important to the correct and uniform administration of the criminal law. *Id.* The issue raised by the State in this case concerns the State's ability to refile a criminal charge that had been previously nol-prossed pursuant to a plea agreement. Resolution of this issue involves the correct interpretation of our criminal rules with widespread ramifications. Accordingly, we accept jurisdiction of the State's appeal.

In this case, the State contends that it was error for the circuit court to dismiss the previously nol-prossed felony charge against Crawford based on its interpretation of *Gaddy* that where a charge is nol-prossed pursuant to a plea agreement it cannot later be refiled. We agree with the State.

It is well settled that dismissal of a charge by nolle prosequi does not bar a subsequent prosecution for the same offense. *See* Ark. Code Ann. § 16-89-122 (Repl. 2005); *Branning v. State*, 371 Ark. 433, 267 S.W.3d 599 (2007); *Halton v. State*, 224 Ark. 28, 271 S.W.2d 616 (1954); *McKinney v. State*, 215 Ark. 712, 223 S.W.2d 185 (1949).

Crawford argues that she pled guilty to the 163 misdemeanor counts of animal cruelty in exchange for the State agreeing to dismiss the felony charge of possession of a controlled substance with intent to deliver. She contends that the State is barred from refiling the felony charge because to do so would result in a breach of the plea agreement. Crawford relies on *Gaddy*, 313 Ark. 677, 858 S.W.2d 81, and *Halton*, 224 Ark. 28, 271 S.W.2d 616, in support of this contention. Both cases are distinguishable.

In *Gaddy*, 313 Ark. 677, 858 S.W.2d 81, this court held that the State could not refile a charge following a nolle prosequi because the nolle prosequi was intended to be an unconditional dismissal of the charge. There, the record reflected that the plea agreement was intended to be an unconditional dismissal. The plea agreement was contingent upon the State nol-prossing one of the charges. The deputy prosecutor testified that she did not anticipate the charges ever being refiled; otherwise she would have asked for an outright dismissal of the case instead of the more customary nolle prosequi. Consequently, because the nolle prosequi was a final resolution of the case, the State could not later refile the charge.

Similarly in *Halton*, 224 Ark. at 30, 271 S.W.2d at 617, a nolle prosequi order was entered that discharged the defendant from " 'all further liability hereunder.' " The circuit court later tried to set aside the nolle prosequi order and schedule the case for trial. On appeal, this court held that where an information or indictment is unconditionally dismissed, it terminates the proceeding and the same cannot be reinstated and prosecution resumed. *Id.*

In the instant case, however, the matter can be decided as one of law. The record does not reflect that the nolle prosequi was an unconditional dismissal of the felony information against

Crawford. Neither does the record reflect that the nolle prosequi was a final disposition of the case. Therefore, *Gaddy* and *Halton* are inapplicable, and the State was free to bring a subsequent prosecution on the felony charge.

On cross-appeal, Crawford contends that her right to a speedy trial has been violated because the State refiled the felony charge more than one year after it was originally filed. We do not agree.

Arkansas Rule of Criminal Procedure 28 governs speedy-trial determinations. A defendant must be brought to trial within twelve months of the date of arrest unless there are periods of delay that are excludable under Ark. R. Crim. P. 28.3. *See* Ark. R. Crim. P. 28.1. If the defendant is not brought to trial within the requisite time, the defendant is entitled to have the charges dismissed with an absolute bar to prosecution. *See* Ark. R. Crim. P. 30.1.

Where a defendant makes a prima facie showing of a speedy-trial violation, the burden shifts to the State to show that the delay was the result of the defendant's conduct or was otherwise justified. *Gamble v. State*, 350 Ark. 168, 85 S.W.3d 520 (2002). A prima facie case for a speedy-trial violation is made where there is a period of delay beyond twelve months from the date of the charge. On appeal, we conduct a de novo review to determine whether specific periods of time are excludable under speedy-trial rules. *Yarbrough v. State*, 370 Ark. 31, 257 S.W.3d 50 (2007).

The filing of a speedy-trial motion tolls the running of the time for a speedy trial under our rules. *Id.* The time period between the nol-prossing of a charge and its subsequent refiling is also excluded from computing the time for a speedy trial where the charge was nol-prossed for good cause. *See* Ark. R. Crim. P. 28.3(f); *Carter v. State*, 280 Ark. 34, 655 S.W.2d 379 (1983). Good cause is demonstrated where the State has good reason to seek the nolle prosequi and there is no indication the State is simply trying to evade the speedy-trial requirement. *Carter*, 280 Ark. 34, 655 S.W.2d 379.

In the present case, the State had good cause to seek the nolle prosequi pursuant to a plea negotiation, and there is no indication that the State was merely trying to evade the speedy-trial requirement. The time period between the filing of the

original felony information[2] and Crawford's motion to dismiss (March 15 or 18, 2005 to April 23, 2007) is at most 770 days. The time period between the nolle prosequi and the refiling of the felony charge (August 25, 2005 to April 3, 2007) is 587 days. Subtracting the nolle prosequi time period from the overall time period leaves 183 days, which is well within the one-year period of the speedy-trial rule. Because the time period during which the felony charge was nol-prossed was permissibly excluded from the speedy-trial computation, the circuit court did not err in denying Crawford's motion to dismiss on speedy-trial grounds.

Reversed on direct appeal; affirmed on cross-appeal.

---

[2] At the time the charge in this case was filed, Arkansas Rule of Criminal Procedure 28.2 provided that the time for speedy-trial calculation began to run on the date the charge was filed, unless the defendant was in custody or on bail prior to the filing of the charge, in which case the time for trial began to run on the date of the arrest. *See* Ark. R. Crim. P. 28.2. The 2007 amendment to Rule 28.2, effective April 26, 2007, changed the speedy trial start date to the date of arrest, whether the charge is filed before or after that date. *See In re Rules of Criminal Procedure, Rule 28.2(a)*, 369 Ark. App'x 560 (2007).