STATE of Arkansas *v.* C.W., a Minor

07-1326                                              286 S.W.3d 118

Supreme Court of Arkansas
Opinion delivered June 26, 2008

*Dustin McDaniel*, Att'y Gen., by: *Leaann J. Irvin*, Ass't Att'y Gen., for appellant.

*Chrishauna Clark*, Rule XV Law Student, University of Arkansas at Little Rock, William H. Bowen School of Law; *Suzanne Penn*, supervising attorney, for appellee.

ANNABELLE CLINTON IMBER, Justice. The State of Arkansas appeals from an order of the Pulaski County Circuit Court granting a motion to suppress filed by C.W., a minor. The State's only

argument on appeal is that the circuit court erred in concluding that either the Fourth Amendment to the United States Constitution or article 2, section 15 of the Arkansas Constitution required a warrant to search C.W.'s shoe at school and in suppressing the drug evidence seized. The State contends that the appeal is interlocutory and that our jurisdiction is pursuant to Arkansas Rule of Appellate Procedure–Criminal 3(a) (2008). However, we cannot reach the merits of the State's argument and must dismiss the appeal for failure to comply with Rule 3.

On April 18, 2007, C.W. was a thirteen-year-old seventh-grade student at Ridgeroad Charter Middle School in North Little Rock. At approximately 9:30 A.M. on that date, C.W.'s fellow student, A.J., was found to be in possession of marijuana in a boys' restroom at the school. A.J. told the school principal, Lenisha Broadway, that he had purchased the marijuana from C.W. At approximately 10:15 A.M., C.W., A.J., and a third student were taken from class by a vice-principal and escorted to a conference room in the administrative offices. There, they met with Broadway, Vice-Principal Stan Whisnant, and two uniformed school resource officers, both of the North Little Rock Police Department. The officers had not obtained a search warrant, did not provide C.W. with *Miranda* warnings, and remained present in the conference room throughout the ensuing questioning and search. Broadway informed C.W. upon his entry into the conference room that he was accused of violating school policy with respect to possession of illegal drugs. She then instructed C.W. to remove his shoes. When C.W. did so, Broadway discovered a bag containing a substance that appeared to be marijuana, which she handed to one of the officers. In response to Broadway's questioning, C.W. admitted selling marijuana to A.J.

C.W. was then taken next door into a "security office" by the school resource officers. He was placed under arrest, informed of his *Miranda* rights, and transported to the juvenile detention center. C.W. was charged by petition on May 8, 2007, with possession of a controlled substance with intent to manufacture or deliver, in violation of Arkansas Code Annotated § 5-64-401 (Repl. 2005). He entered a not-guilty plea.

C.W. filed a motion to suppress the marijuana and his admission, arguing that the search was invalid because it was not pursuant to a warrant and that the interrogation was invalid because C.W. had not been informed of his rights in accordance with *Miranda*. Thus, he asserted, the evidence and statements taken

from him were obtained in violation of the Fourth and Fifth Amendments to the United States Constitution and article 2, sections 8 and 15 of the Arkansas Constitution. In its response, the State noted that it did not intend to use the statement at the adjudication hearing, meaning the only issue for decision was that involving the physical evidence. The State argued that the warrant requirement does not apply to school officials searching a student under their authority and that the required reasonable suspicion was present in this situation.

At a hearing on the motion to suppress, the circuit court ruled from the bench as follows:

> Search was invalid. Clearly, police officers there. Although the school official was doing the questioning, there is no reason to think the alleged marijuana was going to be taken away. The child was in custody. Certainly, time for there to be an arrest warrant obtained. You had reasonable cause to believe that this child had possessed something that was illegal. No reason officers should not have gotten an arrest warrant. You had testimony from a child who was in the bathroom, who was found with the marijuana, saying, "I got it from [C.W.]." That would give somebody reasonable cause to believe something was amiss and could get a search warrant based on that alone. No reason to have him in the room and not give them the *Miranda* rights, not ask them did they want parents present. No reason. So, search is invalid, hence the fruits of the search are invalid.

The State then moved to *nol-pros*, which motion was accepted by the defense. An order disposing of the case by *nolle prosequi* was entered on October 23, 2007.[1] The State then filed a notice of appeal of the suppression ruling.

The State asserts that its authority to pursue the appeal stems from Rule 3(a): "An interlocutory appeal on behalf of the state may be taken only from a pretrial order in a felony prosecution which (1) grants a motion under Ark. R. Crim. P. 16.2 to suppress seized evidence, [or] (2) suppresses a defendant's confession." Ark. R. App. P.–Crim. 3(a). The State's position relies on the assumption that the circuit court's order granting the State's motion to *nol-pros* was not a final order, rendering the appeal

---

[1] The circuit court's suppression ruling is also reflected in the October 23 order.

interlocutory. On the contrary, an order granting a motion to *nol-pros* is a final order. In accordance with Arkansas Code Annotated § 16-89-122 (Repl. 2005), an order granting a motion to *nol-pros* is a dismissal: "The prosecuting attorney, with the permission of the court, may at any time before the case is finally submitted to the jury dismiss the indictment as to all or a part of the defendants and the dismissal shall not bar a future prosecution for the same offense." Additionally, this court has referred to a *nolle prosequi* as a dismissal: "A dismissal or, in other words, a nolle prosequi, is not a bar to a future prosecution for the same offense." *Jones v. State*, 347 Ark. 455, 459, 65 S.W.3d 402, 404 (2002) (citing *Halton v. State*, 224 Ark. 28, 271 S.W.2d 616 (1954)). While the dismissal is without prejudice, in the sense that it permits "a future prosecution," the case itself is terminated. The charges must be refiled if the State wishes to pursue the prosecution. We have stated that the effect of a *nolle prosequi* "is to set aside or annul the indictment." *Jones v. State*, 347 Ark. at 462, 65 S.W.3d at 406. Here, the circuit court's grant of the State's motion to *nol-pros* resulted in a final order; thus, the instant appeal is not interlocutory and is thereby violative of Rule 3(a).

Our court has previously held that an appeal following dismissal of a criminal case is not interlocutory. *See State v. Beall*, 321 Ark. 624, 906 S.W.2d 676 (1995). Like C.W., Beall was charged with controlled-substance violations and filed a pretrial motion to suppress evidence seized at the time of his arrest. *Id.* As in the instant case, the lower court granted Beall's motion, and the State then dismissed the charges. *Id.* We dismissed the State's appeal, noting that it was an attempt to appeal the suppression ruling as an interlocutory appeal. *Id.* We held that "an attempted appeal from a dismissed case is not an interlocutory appeal." *Id.* at 625, 906 S.W.2d at 676.

*Beall* was decided on the basis of Arkansas Rule of Criminal Procedure 36.10, the predecessor to Rule 3. The relevant language of Rule 36.10 mirrors the language of Rule 3. We noted in *Beall* that Rule 36.10 contemplates the existence of a pending case:

> Rule 36.10(a) contemplates that there will be a subsequent final disposition of the case. The rule provides that the State must certify that the interlocutory appeal is not taken for purposes of *delay of the case* and that the pretrial ruling substantially prejudices the *prosecution of the case*. Further, the rule provides that the trial court shall *stay the case* pending determination of the appeal. If the appellate court

reverses the pretrial order appealed, the stay is to be dissolved and the case is to proceed to trial. However, if the appellate court sustains the order appealed, further proceedings are barred on the charge. These certifications and stay order necessarily refer to a pending case. Thus, the State cannot perfect an interlocutory appeal after it has dismissed the case.

*Id.* at 625-26, 906 S.W.2d at 676-77 (internal citations omitted) (emphasis in original). Similarly, Arkansas Rule of Appellate Procedure–Criminal 3(a) requires that the prosecuting attorney certify that the appeal is not taken for the purposes of delay and that the order substantially prejudices the prosecution of the case. It also provides that further proceedings in the trial court shall be stayed pending determination of the appeal. Ark. R. App. P.–Crim. 3(a). Rule 3(d) bars further proceedings on the charge if the order suppressing seized evidence or the defendant's confession is sustained. Ark. R. App. P.–Crim. 3(d) (2008). As we noted in *Beall*, the language of the rule refers to a pending case. The State itself moved to dismiss its case against C.W.; therefore, it cannot now take an interlocutory appeal.

The State cites to our recent opinion in *State v. Crawford*, 373 Ark. 95, 281 S.W.3d 736 (2008), in an attempt to distinguish the instant case from *Beall*. In *Crawford*, we reiterated the well-settled principle that dismissal of a charge by *nolle prosequi* does not bar a subsequent prosecution for the same offense. *Id.* Because the felony charge in *Crawford* was *nol-prossed* pursuant to a plea agreement, the issue was whether the *nolle prosequi* was intended to be an unconditional dismissal. *Id.*; *see also State v. Gaddy*, 313 Ark. 677, 858 S.W.2d 81 (1993). We held that, because the record did not reflect that the *nolle prosequi* was an unconditional dismissal of the felony charge, the State was free to bring a subsequent prosecution on the felony charge. *Id.* We did not hold, however, that the *nolle-prosequi* dismissal was not a final order.[2]

The circuit court's order granting the State's motion to *nol-pros* the charges against C.W. was clearly a final order of dismissal. As we held in *Beall*, the State cannot perfect an inter-

---

[2] The dissent suggests that the circuit court's order in the instant case granting the State's motion to *nol-pros* was not a final order because "the State did not intend for the *nolle prosse* to be a dismissal with prejudice of the charges against C.W." However, we have never held that a *nolle prosequi* is final only when the movant intends it to be so. Indeed, the State's intentions with regard to refiling the charges are relevant only when the *nolle prosequi* is taken pursuant to a plea agreement. *See State v. Crawford, supra; State v. Gaddy, supra.* Other–

locutory appeal after it has dismissed the case. *State v. Beall, supra.* To allow such an appeal would be to provide "an opinion on an issue which is purely abstract in nature." *Id.* at 626, 906 S.W.2d at 677. Accordingly, we must dismiss the appeal.

Appeal dismissed.

GLAZE and BROWN, JJ., dissent.

TOM GLAZE, Justice, dissenting. The majority holds that the circuit court's order granting the State's motion to nol-pros the charges against C.W. was "clearly a final order of dismissal." C.W. did not argue that there was a final order in this case. In fact, C.W. argues the exact opposite, asserting that "because the case was nolle prossed, no final judgment was entered in this case," and "[i]n essence, this case was never adjudicated." Further, Ark. Code Ann. § 16-89-122 (Repl. 2005) provides that an order granting the State's nolle prosequi motion "does not bar future prosecution for the same offense." Although this court has held that the record may show that the State intended for a nolle prosequi to be an unconditional dismissal that barred subsequent prosecution, that is clearly not the case here. *Cf. State v. Gaddy,* 313 Ark. 677, 858 S.W.2d 81 (1993) (record showed State's nolle prosequi as part of a plea agreement was intended to be an "unconditional dismissal"); *Halton v. State,* 224 Ark. 28, 271 S.W.2d 616 (1954) (court's order granting State's nolle prosequi motion discharged defendant from "all further liability," thus the charges were unconditionally dismissed and there was a final disposition).

Arkansas Rule of Appellate Procedure–Criminal 3(a) (2008), in relevant part, provides that the State may take an interlocutory appeal only from a pretrial order in a felony pros-ecution that grants a motion under Ark. R. Crim. P. 16.2 to suppress seized evidence or a defendant's confession. Such is the case before us. The prosecuting attorney has only ten (10) days after the entering of the pretrial order to file a notice of appeal together with a certificate that the appeal is not taken for purposes of delay and that the order substantially prejudices the prosecution of the case. Upon these requirements being met, the proceedings shall be stayed pending determination of the appeal.

---

wise, the State is always free to bring a subsequent prosecution, whether it conveys its intent to do so or not. *See* Ark. Code Ann. § 16-89-122. The possibility of a subsequent prosecu-tion does not affect the finality of the order.

Here, the State filed its notice the day after the trial court's order was entered, and nothing in the record shows the State specifically waived its right to an appeal. C.W. curiously argues that the State sought to appeal its own nolle prosequi motion via an interlocutory appeal; to the contrary, the State specifically filed its interlocutory appeal from the trial court's order suppressing the evidence. C.W. also asserts, without citation to authority, that the State should have asked this court to stay the circuit court's proceedings while the State attempted to appeal the trial court's order granting the motion to suppress. However, when the State satisfied the requirements to effectuate its interlocutory appeal, a stay of any further proceedings went into effect under the plain language set out in Rule 3(a).

The majority relies on the case of *State v. Beall*, 321 Ark. 624, 906 S.W.2d 676 (1995), but that case never mentions nolle prosequi. In *Beall*, the trial court granted the defendant's motion to suppress all evidence seized at the time of his arrest for possession of a controlled substance, and the State *dismissed* the charges, giving no indication that it intended to take any further action. The State then filed an interlocutory appeal, which this court rejected. Nothing in *Beall* suggests that the State nol-prossed the charges there, rather than completely dismissing them; moreover, there is nothing in *Beall* to suggest that the State intended to impose any conditions on its dismissal of the charges. By contrast, the record here clearly demonstrates that the State did not intend for the *nolle prosequi* to be a dismissal with prejudice of the charges against C.W.

The majority states that, in our recent opinion in *State v. Crawford*, 373 Ark. 95, 281 S.W.3d 736 (2008), we did not hold that the State's *nolle prosse* of charges under a plea agreement was not a final order. We held in *Crawford* that, as a matter of law, the record did not "reflect that the *nolle prosse* was an unconditional dismissal of the felony information," and "[n]either does the record reflect that the *nolle prosse* was a *final disposition* of the case." *Id.* at 98-99, 281 S.W.3d at 739 (emphasis added). The *Crawford* opinion noted cases where an order granting the State's *nolle prosse* motion *was* a complete dismissal and termination of the proceedings. Specifically, the *Crawford* court stated that in *Halton, supra,* the language of the nolle prosequi order there indicated a complete dismissal of the indictment and, therefore, "this court held that where an information or indictment is unconditionally dismissed, *it terminates the proceeding* and the same cannot be reinstated and prosecution resumed." *Crawford*, 373 Ark. at 98, 281 S.W.3d at

739 (emphasis added). Unlike *Halton*, the State's *nolle prosequi* in this case did not "terminate the proceedings" against C.W., as the record clearly shows.

For these reasons, I respectfully dissent.

BROWN, J., joins this dissent.