2010 Ark. 355

**Michael Lee STURD, Jr., Petitioner,**

v.

**CIRCUIT COURT OF LONOKE COUNTY, Respondent.**

**No. CR 10–401.**

Supreme Court of Arkansas.

Sept. 30, 2010.

Robert M. "Robby" Golden, Little Rock, for appellant.

Dustin McDaniel, Att'y Gen., by: Eileen W. Harrison, Ass't Att'y Gen., for appellee.

ROBERT L. BROWN, Justice.

Petitioner, Michael Lee Sturd, Jr., petitions for a writ of prohibition or, alternatively, a writ of certiorari to halt further proceedings in the trial of his case. We deny the requested relief without prejudice.

On June 4, 2009, Michael Sturd was a passenger in a vehicle, driven by Dewquan Jones, that was stopped on I–40 in Lonoke County by a state trooper. The trooper searched the vehicle and discovered a gun and marijuana in the vehicle as well as marijuana on Sturd's person. Sturd was originally charged in CR 2009–225 in Lonoke County Circuit Court with simultaneous possession of drugs and a firearm, possession of a controlled substance with intent to deliver, and misdemeanor possession of a controlled substance. The State submitted a motion to nol-pros the simultaneous-possession-of-drugs-and-a-firearm charge, which was granted by the circuit court at a hearing held on October 26, 2009. The court then accepted a plea agreement, negotiated by the prosecutor and Sturd's counsel, whereby Sturd agreed to plead guilty to possession of a controlled substance with intent to deliver and misdemeanor possession of a controlled substance. The sentencing recommendation was sixty months' probation with thirty-six months supervised, in addition to $1345 in payments and fees.

After Sturd entered his plea, he voluntarily testified at the trial of Dewquan Jones, his codefendant in CR 2009–225, and made potentially incriminating statements concerning his ownership of the gun found in the car. Jones's trial resulted in a mistrial. On November 9, 2009, the State refiled an information charging Sturd with simultaneous possession of drugs and a firearm. On February 22, 2010, Sturd moved to dismiss the felony information. He asserted that the plea agreement entered into between himself and the State was intended to unconditionally dismiss the charge of simultaneous possession of drugs and a firearm, if he agreed to plead guilty to possession of a controlled substance with intent to deliver and misdemeanor possession of a controlled substance. The circuit court denied appellant's motion to dismiss the felony information.

On March 8, 2010, Sturd moved for reconsideration of the order denying his motion to dismiss the criminal information. The circuit court denied this motion and entered its order on April 22, 2010. Sturd had previously filed a notice of appeal, also on March 8, 2010, which, arguably, was deemed filed one day after the order denying reconsideration. *See* Ark. R.Crim. P. 33.3(b). The timeliness of the notice of appeal is not an issue in the case before us. On April 23, 2010, Sturd filed the petition that is the subject matter of the instant case.

This court has made it clear that dismissal of a charge by nolle prosequi does not bar a future prosecution of the case. *See State v. Crawford,* 373 Ark. 95, 98, 281 S.W.3d 736, 739 (2008); Ark.Code Ann. § 16–89–122 (Repl.2006). However,

where an indictment or information is *unconditionally dismissed* by the prosecuting attorney, this dismissal terminates the proceeding, and the same indictment or information cannot later be reinstated or resumed. *See Halton v. State,* 224 Ark. 28, 29, 271 S.W.2d 616, 617 (1954).

Sturd cites this court to *State v. Gaddy,* 313 Ark. 677, 858 S.W.2d 81 (1993), in support of his argument that the State should not be allowed to refile charges against him after nol-prossing the charge of simultaneous possession of drugs and a firearm. In *State v. Gaddy,* the State brought an appeal from an order dismissing a felony information that charged Gaddy with criminal attempt to commit capital murder. *Id.* at 678, 858 S.W.2d at 82. Gaddy had previously been charged with this offense, along with possession of cocaine with intent to deliver. The prosecutor and defense counsel entered into a plea agreement concerning these two charges whereby the attempted murder charge was nol-prossed and the cocaine charge was dropped to mere possession. There was also a sentence recommendation for three years of probation and a $200 fine.

The parties appeared before the court to present the plea agreement, and the following colloquy ensued:

THE COURT: I have a plea statement here and there's a recommendation.

PROSECUTOR: Your honor, that's correct. The State would have a couple of preliminary motions as to Mr. Gaddy if you would like for me to take them up now.

THE COURT: Yes, I wish you would please.

PROSECUTOR: The State would move in 91–2562 [1] to nol pros.

THE COURT: All right.

PROSECUTOR: And in 91–1734,[2] State would amend Count 1 to be possession of cocaine rather than possession with intent to deliver.

After the prosecutor summarized the facts, the following occurred:

THE COURT: All right. And the recommendation is three years probation. I'm just a little surprised by that on these facts? The officers agreed to it?

PROSECUTOR: Yes, Your Honor, they did.

DEFENSE COUNSEL: Well—

THE COURT: No, you don't need to approach.

DEFENSE COUNSEL: Well, I was going to tell you why.

THE COURT: Well I understand that's not necessary. I'll accept the plea or the recommendation. Okay. Mr. Gaddy, this is your understanding of the disposition of the case, what you've set here, three years probation, two hundred dollar fine and costs and expungement under Act 3467? Do you understand that sir?

MR. GADDY: Yes.

THE COURT: And that's what you agreed to do?

MR. GADDY: Uh huh.

THE COURT: Okay. I'm going to grant, carry out your motion to grant the nol pros and I've done that and I'm going to grant the motion to reduce this to possession upon acceptance of your plea of guilty. Let me ask you to raise your right hand please, Mr. Gaddy.

*Gaddy,* 313 Ark. at 678–79, 858 S.W.2d at 82–83.

The State argued in *Gaddy* that the record did not establish that the plea of

---

1. Case No. 91–2562 involved the charge for criminal attempt to commit capital murder.

2. Case No. 91–1734 involved the charge for possession of cocaine with intent to deliver.

guilty to possession of cocaine was expressly contingent upon the entry of nolle prosequi on the attempted-murder charge. *Id.* at 680, 858 S.W.2d at 83. This court acknowledged that the record did not expressly contain an assertion that the attempted-murder charge was dropped as a condition of the agreement. However, we found that this was "readily implicit in the record of those proceedings." This court went further and said we "would be hard pressed to sustain the [State's] argument even if we had nothing more than the brief excerpt quoted above" and that "[a] fair reading of the record permits no inference that these developments were unrelated." *Id.* at 680–81, 858 S.W.2d at 83. Additionally, the prosecutor assigned to Gaddy's cases testified that "[t]he agreement was to dispose of both his cases . . . a final resolution." *Id.* at 681, 858 S.W.2d at 83. She also stated that she never anticipated either of the charges ever being refiled; otherwise she would have sought an outright dismissal of the attempted-murder charge rather than the more customary nolle prosequi.

In the instant case, Sturd was charged with simultaneous possession of drugs and a firearm, possession of a controlled substance with intent to deliver, and misdemeanor possession of a controlled substance. A plea agreement was accepted by the court. Relevant portions of that hearing are set out below.

THE COURT: Could you read the charges against him, please.

PROSECUTOR: Your Honor, the State has a motion to nol pros the Simultaneous Possession of Drugs and Firearms. He is charged with Possession of Controlled Substance, Marijuana, with Intent to Deliver a C Felony; Possession of a Controlled Substance, Class A Misdemeanor.

THE COURT: Okay. I will go ahead and we will nol pros the Simultaneous Possession.

PROSECUTOR: Thank you, Your Honor.

. . .

THE COURT: Okay. Class C Felony and a Class A Misdemeanor. Sir, is that what you're pleading guilty to?

DEFENDANT: Yes, ma'am.

. . .

THE COURT: Are you entering this guilty plea voluntarily, knowingly, and freely?

DEFENDANT: I mean, like I said, I'm entering the guilty plea because my marijuana charge in my shoe, but the other charges, I'm not pleading guilty to that.

THE COURT: You're not pleading guilty to Possession of Controlled Substance, Marijuana, with Intent to Deliver

DEFENDANT: No, ma'am, I'm not.

THE COURT: I'm not accepting this plea agreement.

. . .

DEFENSE COUNSEL: Judge, Mr. Sturd, I think he became confused and I think he's back up here ready to assert that he's pleading guilty to both charges; is that correct?

DEFENDANT: Possession with Intent to— not the drugs and firearms.

THE COURT: That's been nol prossed.

DEFENDANT: Yeah.

DEFENSE COUNSEL: The other two charges.

DEFENDANT: Yeah.

DEFENSE COUNSEL: Yes, ma'am.

DEFENDANT: Yes, sir. Yes, ma'am.

THE COURT: Mr. Sturd, there's a Possession of a Controlled Substance, Marijuana, with Intent to Deliver, which is a Class C Felony; Possession of a Controlled Substance, Marijuana, a

Class A Misdemeanor. Now I must understand. Are you pleading guilty—

DEFENDANT: Yes,—

THE COURT: —to both of those?

DEFENDANT: —yes, ma'am.

THE COURT: Freely, knowingly, and voluntarily?

DEFENDANT: Yes, ma'am.

As was the case in *Gaddy*, the transcript of the hearing does not contain an explicit statement that the simultaneous-possession charge being nol-prossed was a condition of the plea agreement. The motion to nol-pros the simultaneous-possession charge, nonetheless, was presented with the plea agreement in a very similar manner as it was in *Gaddy*.

There is a critical distinction, however, between the instant case and *Gaddy* that concerns the testimony of the prosecutors. In *Gaddy*, the prosecutor testified that "she did not anticipate either of the charges ever being refiled ... or she would have asked that case No. 91–2562 be dismissed outright, rather than the more customary nolle prosequi." 313 Ark. at 681, 858 S.W.2d at 83. In the case before us, the prosecutor remarked at the pretrial hearing that the State had determined, based on the evidence, that the best outcome they could envision was to charge Sturd with possession of a controlled substance with intent to deliver since he was the passenger in the vehicle and, at that time, they had no evidence he was in possession of the firearm. The prosecutor further stated that the decision was made to take a guilty plea from Sturd on possession with intent, but no immunity was given to him as to any future prosecution in this case and nothing was said on the record about the nol-pros being an unconditional dismissal.

Hence, although the transcript of the plea hearing in the instant case is similar to the one in *Gaddy*, that transcript is not the only evidence contained in the record. The record also contains the testimony of the prosecutor who, unlike the prosecutor in *Gaddy*, does not assert that the nolle prosequi of the charge was an unconditional dismissal.

A second case from this court which is cited by the parties is *State v. Crawford*, 373 Ark. 95, 281 S.W.3d 736 (2008). The *Crawford* case stands for the proposition that in order for a defendant to be relieved from all liability for a particular offense, the record must show that the dismissal, or nolle prosequi of that offense, was intended to be an unconditional dismissal of those charges contingent on a guilty plea on other charges. In that case, Crawford was charged with one felony count of possession of a controlled substance with intent to deliver and 163 misdemeanor counts of cruelty to animals. The circuit judge accepted a plea agreement where Crawford pled guilty to the misdemeanor charges, and the State nol-prossed the felony charge. Crawford received a twelve-month suspended sentence, contingent upon her compliance with a number of conditions. When Crawford failed to comply with the conditions of her suspended sentence, the State refiled the felony charge for possession with intent. The circuit judge granted Crawford's motion to dismiss, citing this court's decision in *State v. Gaddy*.

We reversed the decision of the circuit court in the *Crawford* case and did so because the record did not reflect that "the nolle prosequi was an unconditional dismissal of the felony information against Crawford. Neither [did] the record reflect that the nolle prosequi was a final disposition of the case." 373 Ark. at 98–99, 281 S.W.3d at 739. This court distinguished

Crawford's case from *State v. Gaddy*, stating that the plea agreement in *Gaddy* was contingent upon the State nol-prossing one of the charges and that the nolle prosequi was intended to be a final resolution of the case. We further distinguished Crawford's circumstances from those in *Halton v. State*, where the nolle prosequi order that was entered specifically discharged the defendant from all further liability. Noting that both *Gaddy* and *Halton* were inapplicable to the *Crawford* facts, this court concluded that "the State was free to bring a subsequent prosecution on the felony charge." 373 Ark. at 99, 281 S.W.3d at 739.

What is clear from these cases is that the facts and testimony involved are all important in determining whether a mere nol-pros or an unconditional dismissal is involved. We turn then to an analysis of the specific petition for extraordinary relief in this case.

This court has repeatedly stated that a writ of prohibition is extraordinary relief that is appropriate only when the circuit court is wholly without jurisdiction. *See Hobbs v. Reynolds*, 375 Ark. 313, 315, 289 S.W.3d 917, 919 (2008) (citing *International Paper Co. v. Clark County Circuit Court*, 375 Ark. 127, 289 S.W.3d 103 (2008)); *Allen v. Circuit Court of Pulaski County*, 2009 Ark. 167, at 9, 303 S.W.3d 70, 76. Our standard of review for writs of prohibition is fixed:

> The writ is appropriate only when there is no other remedy, such as an appeal, available. Prohibition is a proper remedy when the jurisdiction of the trial court depends upon *a legal rather than factual question.* This court confines its review to the pleadings in the case. Moreover, prohibition is never issued to prohibit a trial court from erroneously exercising its jurisdiction. Additionally, a writ of prohibition is not the appropri-

ate remedy for the denial of a motion to dismiss.

*Conner v. Simes*, 355 Ark. 422, 425–26, 139 S.W.3d 476, 478 (2003) (emphasis added).

A writ of certiorari is an extraordinary writ, which "will be granted only when there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or when the proceedings are erroneous on the face of the record." *Smith v. Fox*, 358 Ark. 388, 395, 193 S.W.3d 238, 243 (2004) (citing *Arkansas Dep't of Human Servs. v. Collier*, 351 Ark. 506, 95 S.W.3d 772 (2003)). This writ is appropriate only where it is apparent from the record that there has been a "plain, manifest, clear, and gross abuse of discretion, and there is no other adequate remedy." *State v. Dawson*, 343 Ark. 683, 693, 38 S.W.3d 319, 325 (2001) (citing *Hanley v. Arkansas State Claims Comm'n*, 333 Ark. 159, 970 S.W.2d 198 (1999)). Certiorari is not to be used "to look beyond the face of the record to ascertain the actual merits of a controversy, to control discretion, to review a finding upon facts or review the exercise of a court's discretionary authority." *Allen*, 2009 Ark. at 11, 303 S.W.3d at 76. This court has held that the writ of certiorari may not be used as a substitute for an appeal and that this court cannot review cases in a piecemeal fashion. *Conner*, 355 Ark. at 429, 139 S.W.3d at 480 (2003). Further, this court has concluded "that an asserted threat of an unwarranted trial is an insufficient basis to conclude that the remedy by appeal is not adequate." *Id.* at 428–29, 139 S.W.3d at 480.

Part and parcel of either writ is the prerequisite that it should not be used when facts are in dispute or to review findings of fact. Furthermore, neither extraordinary writ lies when the petitioner has an alternative remedy that is adequate. Sturd argues that the simultaneous-possession-of-drugs-and-a-firearm

charge was unconditionally dismissed and, thus, the circuit ⌐₁₂judge lacked jurisdiction to try that charge. But whether the case was *unconditionally* dismissed turns on the facts and credibility of the witnesses, which would be the subject for appeal. The State, in addition, points out that at the pending trial on the simultaneous-possession-of-drugs-and-a-firearm charge, Sturd could move to suppress statements he made at his codefendant's trial.

All of this convinces this court that an extraordinary writ should not issue in this case. Accordingly, the petition is denied.

Petition denied without prejudice.