Cite as 2023 Ark. 55

# SUPREME COURT OF ARKANSAS

| | |
|---|---|
| IN RE RESPONSE TO THE COVID-19 PANDEMIC––RETURN TO PRE-PANDEMIC STANDARD FOR FINDING OF GOOD-CAUSE DELAYS UNDER SPEEDY-TRIAL RULE | **Opinion Delivered:** March 30, 2023 |

## PER CURIAM

Today, the court announces a return to the pre-COVID-19-pandemic standard for the finding of "good-cause" delays for speedy-trial purposes. Generally, when a defendant makes a prima facie showing of a speedy-trial violation, the burden shifts to the State to show that the delay was the result of the defendant's conduct or was otherwise justified pursuant to one or more of the excludable periods outlined in Arkansas Rule of Criminal Procedure 28.3. *E.g.*, *State v. Crawford*, 373 Ark. 95, 281 S.W.3d 736 (2008). One of the excludable periods outlined in Rule 28.3 is a "period[] of delay for good cause." Ark. R. Crim. P. 28.3(h). Thus, prior to the pandemic, the State bore the burden of proving "good cause" to exclude a period of delay under subsection (h). During the pandemic, however, this court suspended in-person proceedings and jury trials at various times and instituted a presumption that delays "due to precautions against the COVID-19 pandemic" constitute "good cause" under Rule 28.3(h). *See In re Response to the COVID-19 Pandemic–Resumption of Jury Trials*, 2021 Ark. 72, at 2 (per curiam); *In re Response to the COVID-19 Pandemic*, 2020 Ark. 384, at 3 (per curiam); *In re Response to the COVID-19 Pandemic*, 2020 Ark. 116, at 3 (per curiam).

Due to the waning of the pandemic, the court finds that the presumption instituted in favor of the State for periods of delay due to precautions against COVID-19 is no longer necessary. Effective immediately, future delays due to COVID-19 precautions will no longer be presumed "good cause." As was required before the pandemic, when a defendant presents a prima facie showing of a speedy-trial violation, the State will bear the burden of proving whether any delay constitutes "good cause" without the benefit of any presumption.

The court understands that COVID-19 precautions may have resulted in recent continuances that are ongoing. In cases where the most recent continuance was granted due to COVID-19 precautions, the State shall continue to enjoy the presumption of "good cause" until (i) the date on which any other continuance is granted, or (ii) the date on which the case is currently set for trial, whichever occurs first.

It is so ORDERED.