Cite as 2024 Ark. App. 217

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-22-803

| | | |
|---|---|---|
| KINSLOW YOUNG | | |
| | APPELLANT | Opinion Delivered March 27, 2024 |
| V. | | APPEAL FROM THE ST. FRANCIS COUNTY CIRCUIT COURT |
| STATE OF ARKANSAS | | [NO. 62CR-20-11] |
| | APPELLEE | HONORABLE CHRISTOPHER W. MORLEDGE, JUDGE |
| | | AFFIRMED |

## MIKE MURPHY, Judge

Appellant Kinslow Young appeals his convictions for second-degree murder. In accordance with the St. Francis County jury's recommendation, the circuit court imposed a sentence of fifty-six years' incarceration. His sole argument on appeal is that his right to a speedy trial was denied. We affirm.

We recently reiterated the law for the right to a speedy trial:

> The Sixth Amendment to the United States Constitution provides that in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial. Our supreme court adopted Arkansas Rule of Criminal Procedure 28 for the purpose of enforcing the constitutional right to a speedy trial. *Parker v. State*, 2023 Ark. 41, 660 S.W.3d 815. Rule 28.1 establishes a twelve-month limitation period for trying a defendant. Ark. R. Crim. P. 28.1 (2023).

> The time for trial begins to run on the date of the defendant's arrest or the filing of the information, whichever occurs first. Ark. R. Crim. P. 28.2(a). It continues to run uninterrupted except during any applicable "excluded periods" set forth in

Rule 28.3. Ark. R. Crim. P. 28.1. The filing of a speedy-trial motion tolls the running of the time for a speedy trial under our rules. *Barefield v. State*, 2021 Ark. App. 151, 2021. A delay of more than twelve months between the triggering date and the date of trial constitutes a prima facie violation of the rule. *Ray v. State*, 2023 Ark. App. 515, 678 S.W.3d 882. When a defendant demonstrates a prima facie violation, the burden shifts to the State to show that the delay was the result of the defendant's conduct or was otherwise justified. *Id.* A defendant who is not brought to trial in a timely manner is entitled to dismissal of the charges with an absolute bar to prosecution. Ark. R. Crim. P. 30.1. The general rule is that a contemporaneous objection to an excluded period is not necessary to preserve the argument in a subsequent speedy-trial motion if there was no hearing in which the excluded period was discussed in the presence of the defendant or his counsel. *Jacobs v. State*, 2023 Ark. App. 554, 682 S.W.3d 15.

Periods excluded from speedy-trial computation "shall be set forth by the court in a written order or docket entry, but it shall not be necessary for the court to make the determination until the defendant has moved to enforce his right to a speedy trial pursuant to Rule 28 unless it is specifically provided to the contrary" in Rule 28. Ark. R. Crim. P. 28.3. On appeal, we conduct a de novo review to determine whether specific periods of time are excludable.

*Barber v. State*, 2024 Ark. App. 121, at 1–2, __ S.W.3d __, __.

Here, Young was arrested on November 20, 2019, and was not tried until March 8, 2022. He moved to dismiss his charges on February 22, 2022, and a hearing on the motion was held on March 7. In this case, 826 days passed from the date of Young's arrest to the date that he filed his motion to dismiss. This constituted a prima facie violation of Young's right to a speedy trial.

At the hearing on the motion to dismiss, the chief deputy circuit clerk read the certified docket into the record and the criminal case coordinator testified, which created the timeline of the case for the court to consider whether the delay in bringing Young to trial was justified. In denying Young's motion, the circuit court took judicial notice of the

2

supreme court per curiam orders issued in response to the COVID-19 pandemic and acknowledged that, although courts "remained open," in-person proceedings and jury trials were suspended. The court's order found that on the basis of the evidence submitted, arguments of counsel, a review of the file, and the court's knowledge of its own docket and scheduling, Rule 28 was not violated because "[t]he primary issue was the time associated with the COVID-19 pandemic." The circuit court issued its order nunc pro tunc.

On appeal, Young concedes that there are several periods of time that are excluded from the speedy-trial calculation but that 502 days elapsed before the motion was filed. Because this court conducts a de novo review on appeal to determine whether specific periods of time are excludable under the speedy-trial rules, we set forth the following analysis of the relevant periods.

I. *November 20, 2019, to July 14, 2020*

Young was arrested on November 20, 2019. He was formally charged, and his first appearance was set for January 13, 2020. At his first appearance, the court reset the case for April 21, 2020. However, no action was taken on the docket until July 15, 2020. An email sent from the court's case coordinator, which was introduced at the motion hearing, made it known to various attorneys that court was canceled on April 21, 2020.

Young argues that this email is irrelevant because there was neither a written order nor a docket entry, and Rule 28.3 requires such.

Young's arguments are controlled by our recent holdings in *Barber*, *supra*, and *Quackenbush v. State*, 2023 Ark. App. 58, 660 S.W.3d 889. Regarding speedy-trial issues

3

during the COVID-19 pandemic, this court has held that a circuit court may retroactively find a delay excludable due to the COVID-19 pandemic if that delay (1) is not otherwise excepted by an existing order, *see Quackenbush*, 2023 Ark. App. 58, at 7, 660 S.W.3d at 894, and (2) fell in the period covered by the COVID-19 per curiam orders suspending jury trials. *Barber*, 2024 Ark. App. 121, at 5, __ S.W.3d at __.

At the hearing on the speedy-trial motion, the circuit court took judicial notice of the per curiam orders, which provide that continuances related to the COVID-19 pandemic constitute good cause under Rule 28.3(h) until March 20, 2023. *In re Response to COVID-19 Pandemic*, 2023 Ark. 55 (per curiam). It also found that the COVID-19 pandemic had prevented the State from bringing Young to trial since March 2020. Thus, the period from when Young was first scheduled to appear in court following the suspension of in-person proceedings (April 21, 2020)[1] until the next docket entry that occurred on July 15, 2020, is excludable for good cause. This period amounts to 85 days excludable time.

## II. *July 15 to September 14, 2020*

On July 15, 2020, the court continued the case to September 14, 2020, on its own motion, as evidenced by a handwritten docket entry.

---

[1]Our supreme court issued per curiam orders in March and April 2020 that suspended in-person proceedings and declared that the public-health emergency was an extraordinary circumstance that would presumptively constitute good cause and be excluded days for speedy-trial purposes. *See In re Response to the COVID-19 Pandemic*, 2020 Ark. 116 (per curiam); *In re Response to the COVID-19 Pandemic*, 2020 Ark. 125 (per curiam); *In re Response to the COVID-19 Pandemic*, 2020 Ark. 163 (per curiam).

4

Young argues that the docket entry for July 15, 2020, does not satisfy the requirements of Rule 28.3(b), which governs a continuance attributable to docket congestion.

The court, however, found that the continuance during this period was due to the pandemic and not due to docket congestion. The same rationale from part I applies here, and this period is excluded under Rule 28.3(b) for good cause. It amounts to 62 days of excludable time.

### III. *September 15 to October 1, 2020*

Young concedes this period of 17 days is excludable from the speedy-trial calculation.

### IV. *October 2 to November 30, 2020*

On October 2, 2020, the docket sheet reflects that the matter was continued to November 30, 2020, by motion of the State.

Under our de novo review, this continuance could arguably be attributable to the State; however, this 60-day period is immaterial given the other correctly excluded periods.

### V. *December 1, 2020, to February 1, 2021*

Young concedes this period of 63 days is excludable from the speedy-trial calculation. Under our de novo review, this continuance could arguably be attributable to the State, however, this 60-day period is immaterial given the other correctly excluded periods.

### VI. *February 2 to May 17, 2021*

The record is silent regarding this period. However, the holding in *Barber* necessarily directs that circuit courts are afforded flexibility when they may make findings on silent

periods that occurred while the COVID-19 per curiam orders controlled. After hearing testimony and argument at the speedy-trial hearing, the circuit court found that this period of delay was associated with the COVID-19 pandemic. At that hearing, Young was afforded the opportunity to make objections and arguments, and he did not provide any convincing evidence or argument below or to this court rebutting that presumption. *See Barber*, 2024 Ark. App. 121, at 7, __ S.W.3d at __ ("Barber was provided ample opportunity to set forth his objections, and the circuit court set forth its reasoning from the bench and in an order why the time periods were excluded for good cause due to the COVID-19 pandemic."). Thus, this period amounts to 105 days excluded.

## VII.  *May 17 to November 15, 2021*

Young concedes this period of 182 days is excludable from the speedy-trial calculation.

## VII.  *November 16, 2021, to February 22, 2022*

This time frame represents another period of silence on the record. However, like in part VI, the circuit court found this period was excludable due to the pandemic, which Young did not rebut. We hold that these 99 days are excluded.

## VIII. *Conclusion*

In sum, the total time excluded for speedy-trial purposes is 613 days. Accordingly, Young was brought to trial within 365 days, and we affirm the denial of his motion to dismiss on speedy-trial grounds.

Affirmed.

BARRETT and BROWN, JJ., agree.

*Matt Kezhaya* and *Sonia Kezhaya*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.